MICHAEL J. REISER, ESQ. (Bar No. 133621)
michael@reiserlaw.com
REISER LAW p.c.
1475 N. Broadway, Suite 300
Walnut Creek, CA  94596
TEL: (925) 256-0400
FAX: (925) 476-0304

Attorney for Plaintiff
WILLIE MARQUICE WILEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

WILLIE MARQUICE WILEY,

       Plaintiff,

v.

CITY OF GILROY; POLICE CHIEF DENISE TURNER (RETIRED); INTERIM CHIEF OF POLICE SCOT SMITHEE; OFFICER ADAM MOON (M09510); and DOES 1 to 10.

       Defendants.

Case No.

COMPLAINT FOR:

(1) VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C § 1983);

(2) VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C § 1983);

(3) VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C § 1983-*MONELL*);

(4) VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C § 1983);

(5) VIOLATION OF BANE ACT (Cal. Civil Code § 52.1);

(6) NEGLIGENCE;

(7) BATTERY;

(8) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;

(9) NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

**DEMAND FOR JURY TRIAL**

1

**PRELIMINARY STATEMENT**

1.      This action for money damages is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and California law against CITY OF GILROY; POLICE CHIEF DENISE TURNER (RETIRED); INTERIM CHIEF OF POLICE SCOT SMITHEE; OFFICER ADAM MOON (M09510).

**JURISDICTION AND VENUE**

2.      This is a civil suit brought under the Federal Civil Rights Act, 42 U.S.C. §1983, and California law for violations of Plaintiff WILLIE MARQUICE WILEY's rights as secured under the United States Constitution.  This Court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. §1343(3) and 28 U.S.C. §1331.

3.      This Court has pendent and supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367. The pendent state law claims contained in this Complaint arise from the same nucleus of operative facts, and involve identical issues of fact and law, as the federal claims, such that the entire action constitutes a single case appropriate for prosecution as a single proceeding.

4.      Venue is proper in that the underlying acts and injuries upon which the present action is based occurred in the County of Santa Clara, State of California.  This Court has jurisdiction pursuant to 28 U.S.C. §1343 and 42 U.S.C. §1983.

**PARTIES**

5.      At all times mentioned herein, Plaintiff WILLIE MARQUICE WILEY ("WILEY") was a resident of Gilroy, California.

6.      At all times mentioned herein, Defendant CITY OF GILROY is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

7. Defendants OFFICER ADAM MOON ("Defendant Officer Moon") (M09510) was employed by the CITY OF GILROY and was acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant CITY OF GILROY and the Gilroy Police Department.

8. At all times relevant, Defendant POLICE CHIEF DENISE TURNER (RETIRED) ("POLICE CHIEF DENISE TURNER") was the chief policymaker for the Gilroy Police Department responsible for hiring, training, and supervising Officers and making policies governing searches, seizures, detentions, and the use of force by Officers. Defendant POLICE CHIEF DENISE TURNER was the moving force behind the alleged unconstitutional actions of Defendants, which WILEY alleges in this complaint. At all times relevant, Defendant POLICE CHIEF DENISE TURNER was acting under color of law and within the course and scope of her employment. She is sued in her individual and official capacity. The current Police Chief is INTERIM CHIEF OF POLICE SCOT SMITHEE.

9. Defendants are sued in their individual and official capacities.

## FACTUAL BACKGROUND

10. WILEY was an 18-year-old male attending his junior year at Gilroy High School at all times mentioned herein. WILEY has been diagnosed with multiple disabilities that affect his ability to communicate. The disabilities include Mental Retardation, which he was diagnosed at an early age, and Attention-Deficit/Hyperactivity Disorder (ADHD).

11. At approximately 9:00 p.m. on May 20th, 2016, WILEY was playing handball with two friends at San Ysidro Park, located in the city of Gilroy. WILEY heard a fight breaking out at the nearby intersection of Lewis Street and Rogers Street. After hearing the commotion, WILEY and his friends stopped playing handball and began walking towards that area to observe what was occurring.

3

12.     When WILEY arrived to the scene, he noticed that several of the people involved in the fight were lying on the ground and bleeding.  There was a group of people present. Shortly after WILEY arrived, the group began to disperse, and WILEY began to walk back towards the handball courts to retrieve his backpack. While he was returning back to the handball courts, a group of approximately four people were behind WILEY.

13.     While WILEY was walking back towards the handball courts, Defendant Officer Moon, who is over six feet tall, began to run towards WILEY in an aggressive and intimidating manner, and yelled  "Lay the *fuck* down on the ground!"

14.     WILEY immediately placed his hands above his head and began to comply with Defendant Officer Moon's request.  However, before WILEY had a chance to lay of the ground, Defendant Officer Moon unexpectedly and with great force struck WILEY across the mouth and jaw with the blunt force of his baton.  The forceful impact of the baton resulted in WILEY falling to the ground onto his back as WILEY began to bleed from his lip.  Defendant Officer Moon struck WILEY so hard and forcefully that it resulted in WILEY's shoe falling off.

15.     WILEY, who stands at 5 feet 4 inches and weighed approximately 120 pounds at all times mentioned herein, did *not* pose a threat to any of the Officers.  He was unarmed, did not make any physical or verbal threats to anyone, and most significantly, he raised his arms above his head as he was attempting to comply with Defendant Officer Moon's commands.

16.     Defendant Officer Moon then asked WILEY to turn onto his stomach.  WILEY complied with Defendant Officer Moon's command.  WILEY was then placed in handcuffs.

17.     Shortly after being placed in handcuffs, Defendant Officer Moon left WILEY laying on the ground for approximately 30 minutes.  At one point when WILEY was still laying on the ground at the handball court, another Officer with the Gilroy Police Department spoke to him and said: "We are going to let you go because you were not involved in the incident."

4

Shortly thereafter, this Officer went to speak to Defendant Officer Moon.  After their conversation was over, this Officer approached WILEY again and told him that he could not release him from custody.

18.    WILEY was later taken into custody under a nonviolent misdemeanor charge, Penal Code § 148(a)(1), for allegedly resisting, delaying or obstruction of Defendant Officer Moon's investigation on May 20, 2016.  After first receiving medical treatment at St. Louise Regional Hospital for injuries caused by Defendant Officer Moon, WILEY was booked at the Gilroy Police Department jail and was later released with a citation.

19.    On June, 17, 2016 the Santa Clara County District Attorney filed a Complaint against WILEY in the South County Morgan Hill Courthouse, Case Number F1660669, for violation of Penal Code §148 (a)(1), based upon Defendant Officer Moon's police report.

20.    On September 14, 2016, WILEY was present for his court appearance for a pretrial conference, which was continued until October 12, 2016.

21.    On October 12, 2016, WILEY was present for the rescheduled pretrial conference.  At this hearing, the District Attorney dismissed the ill conceived criminal charges against WILEY.

22.    As a proximate result of Defendants' wrongful conduct, WILEY sustained injuries to his face and lip, which has forced him to seek medical care.  As a proximate result of Defendant's conduct, WILEY suffered monetary loss stemming from his medical bills.  As a further proximate result of Defendants' conduct, WILEY has ongoing, severe emotional distress, anxiety, and sleeplessness related to his fear of being wrongfully targeted and attacked by law enforcement.

23.    WILEY has also retained attorneys to pursue his rights as asserted in this Complaint.  WILEY is entitled to an award of reasonable attorneys' fees incurred in the

5

prosecution of this action against Defendants pursuant to 42 U.S.C. §1988.

24.     The conduct of the individual Defendants was intentional, reckless and oppressive and was done with the intent of depriving WILEY of his constitutional rights.  The acts of the individual Defendants, therefore, are such that punitive damages should be imposed against them in an amount commensurate with the wrongfulness alleged herein.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(42 U.S.C. §1983)**
**[Against Defendant Officer Moon]**

25.     WILEY hereby realleges the allegations contained in the preceding and subsequent paragraphs of this Complaint as though fully set forth herein.

26.     In doing the acts herein complained of, Defendant Officer Moon acted under color of law to deprive WILEY of certain constitutionally protected rights pursuant to 42 U.S.C. §1983, including, but not limited to:

a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b.  The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth Amendment to the United States Constitution;

c.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution.

27.     As a direct and legal result of Defendant Officer Moon's actions, WILEY has incurred bodily injury, medical expenses, attorney's fees, costs of suit, and other pecuniary losses not yet ascertained.

28.     As a further direct and legal result of Defendant's conduct, WILEY has suffered damages, including, without limitation, pain and suffering, extreme emotional distress, anxiety,

6

humiliation, embarrassment, and loss of his sense of security, dignity, and pride as a citizen of the United States.

29.    The conduct of Defendant Officer Moon was willful, malicious, intentional, oppressive, reckless, and/or was done in willful and conscious disregard of WILEY's rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. §1983 – Supervisory)**
**[Against Defendants City of Gilroy, Police Chief Denise Turner, and Interim Chief of Police Scot Smithee]**

30.    WILEY hereby realleges the allegations contained in the preceding and subsequent paragraphs of this Complaint as though fully set forth herein.

31.    In doing the acts herein complained of, CITY OF GILROY, POLICE CHIEF DENISE TURNER, and INTERIM CHIEF OF POLICE SCOT SMITHEE acted under color of law to deprive WILEY of certain constitutionally protected rights pursuant to 42 U.S.C. §1983, including, but not limited to:

a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b.  The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth Amendment to the United States Constitution;

c.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendment to the United States Constitution.

32.    Pursuant to 42 U.S.C. §1983, WILEY claims damages for the injuries set forth above against Defendants, CITY OF GILROY, POLICE CHIEF DENISE TURNER, and INTERIM CHIEF OF POLICE SCOT SMITHEE

33.    POLICE CHIEF DENISE TURNER and INTERIM CHIEF OF POLICE SCOT

7

SMITHEE had supervisory authority over the Gilroy Police Officers, who unlawfully detained WILEY, used excessive force against WILEY, and violated WILEY's constitutional rights.

34. These supervisory Defendants' conduct or inaction amounted to deliberate, reckless, and callous indifference to WILEY's constitutional rights and proximately caused the violation of those rights.

35. As a proximate cause of Defendant's acts and omissions, WILEY has incurred bodily injury, medical expenses, attorney's fees, costs of suit, and other pecuniary losses not yet ascertained.

36. As a further proximate cause of Defendant's conduct, WILEY has suffered damages, including, without limitation, pain and suffering, extreme emotional distress, anxiety, humiliation, embarrassment, and loss of his sense of security, dignity, and pride as a citizen of the United States.

37. WILEY is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of WILEY's rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. §1983 – *Monell*)**
**[Against Defendants, City of Gilroy, Police Chief Denise Turner, and Interim Chief of Police Scot Smithee]**

38. WILEY hereby realleges the allegations contained in the preceding and subsequent paragraphs of this Complaint as though fully set forth herein.

39. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S 658 (1978), CITY OF GILROY, high ranking CITY OF GILROY officials, including high ranking police supervisors POLICE CHIEF DENISE TURNER and INTERIM CHIEF OF POLICE SCOT SMITHEE, are liable for all injuries sustained by WILEY

8

as set forth herein.  Defendants bear liability because their policies, practices/and or customs caused WILEY's injuries.

40.     Defendants CITY OF GILROY, POLICE CHIEF DENISE TURNER and INTERIM CHIEF OF POLICE SCOT SMITHEE owed WILEY a duty of care to ensure that it hired, trained, and supervised its officers so as to prevent violations of his constitutional, statutory, and common law rights.

41.     WILEY is informed and believes, and thereon alleges that Defendants, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by the involved police officers described above.

42.     At all times relevant, Defendants, CITY OF GILROY, high ranking CITY OF GILROY officials, including high ranking police supervisors POLICE CHIEF DENISE TURNER and INTERIM CHIEF OF POLICE SCOT SMITHEE, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Gilroy, which caused the violations of WILEY's rights.  The following official policies, customs or practices were maintained or permitted by Defendants:

a. Failure to provide adequate training and supervision to Sheriff's deputies with respect to constitutional limits on use of force, detention, and provision of medical care;

b. Failure to adequately discipline or retrain officers involved in misconduct;

c. Selection, retention, and assignation of officers with demonstrable propensies for excessive force, violence, dishonesty, and other misconduct;

d. Condoning and encouragement of officers in their belief that they can violate the rights of persons such as WILEY with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

e. Retaining, assigning, and selecting officers and deputies with known propensities for

9

excessive force, violence, dishonest and other misconduct and failing to take adequate steps to discipline such persons;

f. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint.

43.     The aforementioned acts and/or omissions and/or deliberate indifference by Defendants resulted in deprivation of WILEY's constitutional rights, and continues to do so through the "code of silence" which is ratified, sanctioned and approved by said officials, thereby justifying the awarding of exemplary damages in an amount to be determined at time of trial.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. §1983, Conspiracy)
### [Against All Defendants]

44.     WILEY hereby realleges the allegations contained in the preceding and subsequent paragraphs of this Complaint as though fully set forth herein.

45.     On or about May 20th 2016, Defendant Officer Moon and certain unknown Gilroy Police Officers conspired and acted in concert to falsely arrest WILEY in violation of his constitutional rights.  As a result of their conduct, Defendant Officer Moon and certain unknown Gilroy Police Officers are liable for WILEY's injuries either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to so to prevent these violations.

46.     As a direct and legal result of Defendant's conduct, WILEY has suffered damages, including, without limitation, pain and suffering, extreme emotional distress, anxiety, humiliation, embarrassment, and loss of his sense of security, dignity, and pride as a citizen of the United States.

47.     As a direct and legal result of the conspiracy alleged herein, WILEY has incurred attorney's fees, costs of suit, and other pecuniary losses not yet ascertained.

48.   WILEY is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of WILEY's rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

**FIFTH CAUSE OF ACTION**
**(Violation of Bane Act Cal. Civil Code § 52.1)**
**[Against All Defendants]**

49.   WILEY hereby realleges the allegations contained in the preceding and subsequent paragraphs of this Complaint as though fully set forth herein.

50.   Defendants interfered or attempted to interfere by threats, intimidation, or coercion with WILEY's rights under state and federal laws and under the state and federal Constitution, including without limitation, the right to be free from excessive force and the right to bodily integrity, including his rights under Civil Code § 34, Penal Code §§ 149, 240, and 242, and his rights under the Fourth and Fourteenth Amendments to the United States Constitution and under Articles 1, §§ 1,7, and 13 of the California Constitution.

51.   Defendants conduct caused WILEY extreme pain and suffering and extreme emotional distress and severe physical injuries as alleged herein.

52.   WILEY's claims against Defendants CITY OF GILROY, POLICE CHIEF DENISE TURNER and INTERIM CHIEF OF POLICE SCOT SMITHEE are based on their maintaining and permitting practices, policies, and customs of widespread beatings and use of excessive force.  In particular, WILEY is informed and believes and based thereon alleges that both POLICE CHIEF DENISE TURNER and INTERIM CHIEF OF POLICE SCOT SMITHEE, as the official policy makers for Defendant CITY OF GILROY, were aware of widespread beatings and uses of excessive force in the City of Gilroy.  On information and belief, instead of taking proper steps to discipline these officers, both POLICE CHIEF DENISE TURNER and

INTERIM CHIEF OF POLICE SCOT SMITHEE condoned, encouraged, fostered, and/or ratified the unlawful conduct of Defendants.

53.    WILEY is further informed and believes and thereon alleges that POLICE CHIEF DENISE TURNER, INTERIM CHIEF OF POLICE SCOT SMITHEE, and CITY OF GILROY have ratified the individual officer's unconstitutional conduct towards WILEY.

54.    As a direct and legal result of Defendant's acts and omissions, WILEY has incurred bodily injury, medical expenses, attorney's fees, costs of suit, and other pecuniary losses not yet ascertained.

55.    As a further direct and legal result of Defendant's conduct, WILEY has suffered damages, including, without limitation, pain and suffering, extreme emotional distress, anxiety, humiliation, embarrassment, and loss of his sense of security, dignity, and pride as a citizen of the United States.

56.    As a result of their conduct, Defendants are liable for WILEY's injuries either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to so to prevent these violations.

57.    WILEY is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of WILEY's rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

**SIXTH CAUSE OF ACTION**
**(Negligence)**
**[Against All Defendants]**

58.    WILEY hereby realleges the allegations contained in the preceding and subsequent paragraphs of this Complaint as though fully set forth herein.

59.    Defendants owed a duty of care toward WILEY and were required to use

12

reasonable diligence to ensure WILEY's safety while in their custody and control. Defendant's actions and omissions were negligent and reckless, including but not limited to:

    a.  The failure to properly assess the need to use force against WILEY;

    b.  The negligent tactics and handling of the situation with WILEY;

    c.  The negligent use of excessive force against WILEY; and

    d.  The failure to properly train, supervise, and discipline employees, including the individual Defendants.

60.    As a direct and legal result of Defendant's acts and omission's, WILEY has incurred bodily injury, medical expenses, attorney's fees, costs of suit, and other pecuniary losses not yet ascertained.

61.    As a further direct and legal result of Defendant's conduct, WILEY has suffered damages, including, without limitation, pain and suffering, extreme emotional distress, anxiety, humiliation, embarrassment, and loss of his sense of security, dignity, and pride as a citizen of the United States.

62.    As a result of their conduct, Defendants are liable for WILEY's injuries either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to so to prevent these violations.

63.    WILEY is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of WILEY's rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

**SEVENTH CAUSE OF ACTION**
**(Battery)**
**[Against Defendant Officer Moon]**

64.    WILEY hereby realleges the allegations contained in the preceding and

13

subsequent paragraphs of this Complaint as though fully set forth herein.

65.    At that time and place herein above alleged, Defendant Officer Moon, without just and legal cause, hit WILEY with his baton causing severe physical and permanent psychological injuries.

66.    Said harmful and offensive contact was intentionally committed by Defendant Officer Moon and was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to each of this individual defendant.

67.    Said battery was not consented to by WILEY and was the proximate cause of the injuries complained of herein.

### EIGHT CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### [Against all Defendants]

68.    WILEY hereby realleges the allegations contained in the preceding and subsequent paragraphs of this Complaint as though fully set forth herein.

69.    As described herein, Defendants, in carrying out the above-described acts, acted in an extreme and outrageous manner, and intentionally and with reckless disregard for WILEY's welfare inflicted severe and permanent emotional distress on WILEY and his family.

70.    Defendants, as the employer of Defendant Officer Moon, caused the above-described injuries to WILEY by failing to protect him, as was their duty in violation of public law or policy. Defendants intended to cause or to place WILEY in apprehension of an imminent harmful or an offensive contact with WILEY's person, and loss of his freedom when he was falsely arrested and/or confined.

71.    As a result of the actions of Defendants, as alleged hereinabove, WILEY, in fact, was placed in great apprehension of loss of freedom and loss of privacy.

72.    As a direct and proximate result of Defendants conduct, as alleged hereinabove,

14

WILEY was hurt and injured in his health, strength and activity, all of which caused WILEY great mental suffering, shame, embarrassment, and nervous pain and suffering.  As a result of these injuries, WILEY has suffered general damages in an amount to be proven at trial.

73.     As a further result of Defendants conduct, as alleged hereinabove, WILEY has incurred medical and related expenses.  The full amount of these expenses is unknown to WILEY at this time.  WILEY will seek leave to amend this complaint to state the amount when it becomes known to WILEY, or according to proof at time of trial.

74.     The actions of Defendants, as alleged hereinabove, were intentionally, maliciously, fraudulently, and oppressively done, with the wrongful intention of injuring WILEY, and with an improper and evil motive amounting to malice, and in conscious disregard of WILEY's rights.  WILEY is therefore entitled to recover punitive damages from every Defendant in an amount according to proof at time of trial.

WHEREFORE, WILEY prays for relief as set forth below.

## NINTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
### [Against all Defendants]

75.     WILEY hereby realleges the allegations contained in the preceding and subsequent paragraphs of this Complaint as though fully set forth herein.

76.     As outlined in detail above, the conduct of Defendants was extreme and outrageous.  This includes but is not limited to, Defendant Officer Moon's egregious use of excessive force.

77.     Defendants knew or should have known that their conduct would result, and in fact was resulting in, WILEY's severe emotional distress, and their failure to use reasonable care to prevent retaliation and harassment was a substantial factor in causing WILEY's damages as set forth herein.

15

78.     As a result of Defendant's actions, WILEY was harmed as set forth above.

79.     As a result of Defendant's unlawful acts, WILEY is entitled to damages set forth herein.

WHEREFORE, WILEY prays for relief as set forth below.

## RELIEF

WHEREFORE, WILEY prays for relief as follows:

1.  For general, pecuniary and special damages, according to proof;

2.  For exemplary damages against the individually named Defendants;

3.  For reasonable attorney's fees, pursuant to 42 U.S.C. §1988, and any other applicable statue;

4.  For prejudgment interest otherwise permitted by law;

5.  For costs of suit incurred herein; and

6.  For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

WILEY hereby demands a trial by jury.

Dated: June 2, 2017                          REISER LAW p.c.


                                             __/S/ Michael J. Reiser_____
                                             MICHAEL J. REISER, ESQ.
                                             Attorney for Plaintiff

16